IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-HC-2242-FL

| | | |
|---|---|---|
| VICTOR CHARLES ZERBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motion to dismiss or in the alternative for summary judgment, (DE 19), which the court construes as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The motion was fully briefed and in this posture the issues raised are ripe for ruling. For the reasons that follow, the court grants respondent's motion for summary judgment.

## STATEMENT OF THE CASE

Petitioner commenced this action by filing petition for writ of habeas corpus on September 11, 2018, in the United States District Court for the Southern District of Florida. Petitioner challenges the Federal Bureau of Prisons's ("BOP") refusal to designate, nunc pro tunc, his state detention facility as the facility for service of his federal sentence, which would have the effect of running his state and federal sentences concurrently. In the alternative, petitioner argues the BOP erred by refusing to apply 603 days of prior custody credit when calculating his release date.

On October 4, 2018, the Southern District of Florida transferred the action to this court.

On January 7, 2019, petitioner filed the operative amended petition. On August 19, 2019, respondent filed the instant motion to dismiss, or in the alternative for summary judgment, supported by memorandum of law, statement of material facts, and the following: 1) declaration of Jan Stopps; 2) records from petitioner's federal and state criminal cases; and 3) BOP records related to petitioner's sentence calculation and petitioner's requests for prior custody credit and nunc pro tunc designation. Respondent argues the petition should be dismissed because federal law prohibits the BOP from awarding prior custody credit under the circumstances of petitioner's case, and that its denial of nunc pro tunc designation accorded with applicable law. On August 19, 2019, the court provided petitioner notice, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that it may construe the motion as one for summary judgment and provided instructions for responding to the motion. On September 11, 2019, petitioner filed his response to the motion, supported by opposing statement of material facts and records from petitioner's state criminal case. On January 13, 2020, petitioner filed supplemental response to respondent's motion for summary judgment, supported by memorandum of law and additional state court records.

## STATEMENT OF THE FACTS

The relevant facts are not disputed. On January 7, 2015, petitioner was arrested by Florida state authorities and charged with various state firearms offenses. (Stopps[1] Decl. (DE 22-1) ¶ 5). On January 27, 2016, petitioner was temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum, for prosecution on charges that he possessed a firearm and ammunition after being convicted of a felony. (Id. ¶¶ 6-7). On June 14, 2016, the Southern

---

[1] Jan Stopps is a correctional programs specialist with the BOP's designation and sentence computation center. (Stopps Decl. (DE 22-1) ¶¶ 1-2).

District of Florida sentenced petitioner to 92 months' imprisonment. (Id. ¶ 7); see also United States v. Zerby, No. 1:16-CR-20028-UU-1 (S.D. Fla. June 14, 2016). The criminal judgment is silent as to whether the federal sentence should run concurrent or consecutive to petitioner's state sentence. United States v. Zerby, No. 1:16-CR-20028-UU-1 (S.D. Fla. June 16, 2016).

On July 6, 2016, federal authorities returned petitioner to state custody, and lodged the criminal judgment as a detainer. (Stopps Decl. (DE 22-1) ¶ 8). On August 31, 2016, petitioner was sentenced in Florida state court to 18 months' imprisonment for various firearms offenses, and the state court ordered that 603 days of jail credit should be applied to the sentence. (Id. ¶ 9). That same day, the Florida state court sentenced petitioner to 18 months' imprisonment for failure to register as a sex offender, and ordered that the sentence run concurrently with the sentence imposed for the firearms offenses. (Id. ¶ 10). The state court also ordered that 603 days of jail credit should be applied to the sentence. (Id.).

Petitioner completed his state term of imprisonment on September 12, 2016. (Id. ¶ 11). The following day, he was transferred to federal custody to begin service of his federal sentence. (Id.). The BOP prepared a sentence computation for petitioner's federal sentence, and determined that the federal sentence commenced on September 13, 2016, the date he was transferred to federal custody. (Id. ¶ 12). The BOP further determined that all prior custody time had been counted toward petitioner's state sentences, and therefore refused to award petitioner prior custody credit for his federal sentence, pursuant to 18 U.S.C. § 3585(b). (Id.).

In 2017, petitioner requested that the BOP reconsider its sentence computation. (Id. ¶ 13). Petitioner requested that the BOP award him 603 days of prior custody credit, and that the BOP designate, nunc pro tunc, his state detention facility as the facility for service of his federal

sentence, thereby running his state and federal sentence concurrently. (Id.).

The BOP denied petitioner's requests for reconsideration of the sentence computation. (Id. ¶¶ 14-19). As to the prior custody credit, the BOP informed petitioner that 18 U.S.C. § 3585(b) precludes application of this credit because his presentence custody had been credited toward his state sentences. (Id. ¶ 14). With respect to the nunc pro tunc request, the BOP contacted the federal sentencing judge and inquired whether she intended the federal and state sentences to run concurrently, but did not receive a response. (Id. ¶ 16). After consideration of the factors set forth in 18 U.S.C. § 3621(b) and internal BOP policy, the court denied petitioner's request for nunc pro tunc designation. (Id. ¶ 18).

After petitioner filed the instant petition, the BOP reconsidered its denial of petitioner's nunc pro tunc request. (Id. ¶ 19). On August 12, 2019, the BOP again refused to designate, nunc pro tunc, petitioner's state detention facility as the facility for service of his federal sentence. (Id.).

## DISCUSSION

A. Standard of Review

Summary judgment[2] is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden,

---

[2] Because the instant motion relies on matters outside the pleadings, the court construes the motion as one of summary judgment. See Fed. R. Civ. P. 12(d). As set forth above, petitioner was provided notice, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that the motion may be so construed. (See DE 23).

4

the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). "[A]ttacks on the execution of a [federal] sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). A federal prisoner challenges the execution of his sentence when he contests, as here, the BOP's "administrative rules, decisions, and procedures applied to his sentence." In re Wright, 826 F.3d 774, 777 (4th Cir. 2016).

1.  Prior Custody Credit

The court begins with petitioner's claim that the BOP erred by refusing his request for prior custody credit. In order to assess whether petitioner is entitled to credit on his federal sentence, the court must determine: 1) the date on which petitioner's federal sentence commenced, and 2) the amount, if any, of prior custody credit to which petitioner is entitled for time served prior to commencement of the federal sentence. 18 U.S.C. § 3585; see United States v. Wilson, 503 U.S. 329, 330 (1992).

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Thus, a federal sentence

cannot commence prior to the date it is imposed. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998); Barnes v. Masters, 733 F. App'x 93, 96 (4th Cir. 2018). Furthermore, where a defendant in primary state custody is temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum, the state retains primary jurisdiction and "federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Evans, 159 F.3d at 912.

Here, as set forth above, petitioner was in primary state custody until September 13, 2016, when he completed service of his state sentence and state authorities transferred him to federal custody to begin service of his previously-imposed federal sentence. (Stopps Decl. (DE 22-1) ¶ 12). Accordingly, the BOP correctly determined that petitioner's sentence commenced on September 13, 2016. See 18 U.S.C. § 3585(a).

Turning to the issue of prior custody credit, the BOP is precluded from awarding such credit if the time has "been credited against another sentence." 18 U.S.C. § 3585(b). Petitioner argues the BOP should have awarded 603 days of prior custody credit, beginning on January 7, 2015. (Pet. (DE 14) ¶ 13). Petitioner's state criminal judgments, however, make clear that this prior custody credit was applied to his state sentences. (See Stopps Decl. Attachs. 4, 5 (DE 22-5, 22-6)).[3] Accordingly, the BOP properly declined to award prior custody credit when it calculated petitioner's sentence. See 18 U.S.C. § 3585(b).

2. Nunc Pro Tunc Designation

Petitioner also alleges the BOP abused its discretion by denying his request to designate, nunc pro tunc, his state detention facility as the place of imprisonment for his federal sentence.

---

[3] Petitioner does not contest the authenticity or accuracy of these records.

6

Under 18 U.S.C. § 3621(b), the BOP may "designate any available penal or correctional facility that meets minimum standards of health and habitability [regardless of] whether [the facility is] maintained by the Federal Government or otherwise . . ., that [the BOP] determines to be appropriate and suitable." The BOP must weigh five factors in making this determination:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence –
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b)(1)-(5).

As an initial matter, it is not clear the BOP may use its place of imprisonment authority to effectively run state and federal sentences concurrently, particularly in the absence of any direction from the federal sentencing judge. See Setser v. United States, 566 U.S. 231, 237-39 (2012); United States v. Lynn, 912 F.3d 212, 222-23 (4th Cir. 2019) (Floyd, J., concurring in part and dissenting in part). Nevertheless, where respondent does not raise this argument, the court assumes without deciding that the BOP has discretion to make a nunc pro tunc designation in these circumstances.

Petitioner primarily challenges the BOP's evaluation of the fourth factor, alleging his federal and state sentencing judges both recommended that the state and federal sentences run

concurrently. Petitioner's federal judgment, however, is silent as to whether the federal sentence should run concurrent to the state sentence. See United States v. Zerby, No. 1:16-CR-20028-UU-1 (S.D. Fla. June 16, 2016). As noted, the federal sentencing judge did not respond to the BOP's request for clarification of whether she intended the federal and state sentences to run concurrently or consecutively. Accordingly, with the exception of petitioner's unverified assertions, there is no evidence in the record that the federal court ordered concurrent sentences.

As to the state court's alleged order for concurrent sentences, the BOP is not required to follow the state court's sentencing recommendation. See Setser, 566 U.S. 241. But even assuming the state court's recommendation should be given some weight in these circumstances, the record does not reflect that the state court ordered concurrent sentences. Petitioner argues his state felony plea disposition form, (DE 31-2), establishes the state court intended the state sentence to run concurrent to his federal sentence. The "sentencing notes" section of the plea disposition form states that "[defendant] accepts KO: 18 [months' imprisonment] on both cases a[nd] all [counts] since 1/7/2015. All cases and charges to run concurrent as HFO." (DE 31-2 (emphasis added)). The reference to "both cases" in the first sentence suggests that "all cases and charges" refers to the two state cases resolved by the plea agreement. The acronym "HFO" also appears to refer to petitioner's status as a habitual offender under Florida law. (See id. (box for "HO" sentencing enhancement checked); Stopps Decl. Attach. 5 (DE 22-6) (noting petitioner was "adjudicated a habitual felony offender")). Because "habitual felon" is a Florida sentencing enhancement, the phrase "all cases and charges to run concurrent as [a habitual offender]" is best read to refer only to the state sentences. Finally, petitioner's state judgments of conviction run his two state sentences concurrently, but do not indicate the state judge intended the state sentences

8

to run concurrently with the federal sentence. (See Stopps Decl. Attachs. 4, 5 (DE 22-5, 22-6)).

The court has independently reviewed the BOP's August 12, 2019, "Amended Factors Under 18 U.S.C. § 3621(b) Worksheet," (DE 22-14), and finds no evidence the BOP abused its discretion in denying petitioner's request for nunc pro tunc designation. See Mangum v. Hallembaek, 910 F.3d 770, 777 (4th Cir. 2018) (noting the BOP has "broad discretion" when determining inmate's place of imprisonment under 18 U.S.C. § 3621(b)). The BOP conducted a thorough individualized review of the statutory factors, including the nature and circumstances of petitioner's offenses and the history and characteristics of petitioner. The court notes petitioner has an extensive criminal history, including several convictions for violent offenses, and the BOP properly relied on that factor when denying nunc pro tunc designation. See 18 U.S.C. § 3621(b)(3); see also Pickett v. Warden McKean FCI, 726 F. App'x 104, 106-07 (3d Cir. 2018) ("The BOP did not abuse its discretion in concluding that [the petitioner's] criminal history, coupled with the sentencing judge's silence, counseled against granting concurrency."); Evans v. Larkin, 629 F. App'x 114, 115-16 (2d Cir. 2015).

In sum, the BOP did not err when it refused to award prior custody credit, and did not abuse its discretion in denying petitioner's request for nunc pro tunc designation.[4] The court therefore grants respondent's motion for summary judgment. Respondent's submissions indicate that BOP officials are open reevaluating petitioner's request for nunc pro tunc designation in the event the

---

[4] Respondent also argues the BOP's nunc pro tunc designation is judicial unreviewable, under the First Step Act's amendments to 18 U.S.C. § 3621(b). The amendments provide that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." Id. Petitioner, however, filed this action before Congress enacted the First Step Act, and the court previously has determined that the First Step Act's amendments to § 3621(b) do not apply retroactively to habeas petitions filed before the statute was enacted. See Zeigler v. Andrews, No. 5:17-HC-2044-FL, 2019 WL 4635636, at *3-4 (E.D.N.C. Sept. 23, 2019), vacated in part on other grounds, Zeigler v. Andrews, No. 5:17-HC-2044-FL, 2019 WL 6044809 (E.D.N.C. Nov. 14, 2019).

federal sentencing judge indicates that she intended the federal sentence to run concurrent to the state sentence. (See DE 22-12). Accordingly, the court dismisses petitioner's claims without prejudice.

C.  Certificate of Appealability

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). The court therefore denies a certificate of appealability.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion for summary judgment, (DE 19), and DISMISSES WITHOUT PREJUDICE the petition. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge